**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK WAYNE MOORE, JR. | ) | CASE NO.: 1:25CV1156 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Mark Wayne Moore, Jr. to the Report and Recommendation ("R&R") of the Magistrate Judge.   The Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner's decision. Moore timely objected, and the Commissioner responded in opposition to the objection.   The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

While framed as multiple objections, Moore's solitary contention is that the R&R erred when it found that the ALJ had properly considered the entire record when formulating Moore's residual functioning capacity ("RFC").   Moore contends that this was error because the record contained evidence that he needed a job coach in order to be employed and that the ALJ failed to discuss this evidence when detailing Moore's RFC.   The Court finds no merit in this contention.

Like the R&R, this Court finds that Moore's objection lacks a factual basis.   Moore's contention that the record contains evidence that he *required* a job coach is not supported by any evidence that was before the ALJ.   It appears that Moore relies upon the following two passages, one from a report generated by Opportunities for Ohioan with Disabilities and one from a vocational evaluation done by Randi Elder.

> Since Mr. Moore has a very limited work experience, and even though a Community Based Assessment was completed in 2016, another Community Based Assessment would be recommended. After completion of the Community Based Assessment, job seeking skills training, job development and placement and retention services would be recommended to assist Mr. Moore in securing competitive employment. A job coach would be recommended after Mr. Moore secures employment to assure a smooth transition into the work force.

Doc. 7 at 362.

> We agreed that job coaching will help you transition back into employment, especially as you begin a new job. You will be working closely with a supervisor/trainer for the first few weeks and a job coach can assist with your early training.

Doc. 7 at 321.

Absent from either of these statements is *any* suggestion that job coaching was required for Moore to perform work.   Rather, both statements suggest that due to Moore's lack of previous employment, job coaching would likely be beneficial to him. At best, these statements could be read as *recommending* a job coach for Moore's transition back into the work force.   "An ALJ does not err by declining to include [] recommendations, as opposed to imperatives, when formulating

a claimant's RFC." *Jacob v. Berryhill*, 756 F. App'x 709, 713 (9th Cir. 2018).   As the record contain no evidence from any source that claimed that Moore required a job coach, the R&R correctly concluded that the ALJ did not err when failing to discuss a job coaching requirement when formulating Moore's RFC.

For the reasons stated above, Moore's objections are OVERRULED.   The R&R is ADOPTED IN WHOLE.   The decision of the Commissioner is hereby AFFIRMED.


Dated: April 23, 2026                                   /s/ John R. Adams
                                                        JUDGE JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE